# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:20-cv-00478-MR

| | | |
|---|---|---|
| SEYI T. ODUESO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ROY COOPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 11].

Pro se Plaintiff Seyi T. Odueso ("Plaintiff") is an inmate of the State of North Carolina, currently incarcerated at Gaston Correctional Facility in Dallas, North Carolina. Plaintiff filed an action pursuant to 42 U.S.C. § 1983 on August 26, 2020, asserting claims against Defendants in their individual and official capacities under the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment. [Doc. 1]. In support of his Fourteenth Amendment claim, Petitioner alleged that he was denied eligibility for the Extension of Limits of Confinement (ELC) due to his "violent offender"

designation while "'non-violent' offenders" are eligible for this protection from the coronavirus. [Doc. 1 at 13-14]. Plaintiff's Fourteenth Amendment and official capacity claims were dismissed on initial review. [Doc. 10]. Plaintiff now moves for reconsideration of the Court's Order dismissing Plaintiff's Fourteenth Amendment claims. [Doc. 11].

In his motion, Plaintiff states that he "failed to provide greater legal understanding of his claim of discrimination under the 14th amendment." [Id. at 11]. Plaintiff argues that he "has been assessed as low risk of returning back to prison" and that "[it] is clear that Plaintiff is similarly situated with non-violent offenders." [Doc. 11 at 2]. And, as such, denial of the protections of the ELC program "is unfair treatment, and is the result of intentional or purposeful discrimination." [Id.].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been

made before the judgment was entered."  Id.  Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted.  That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708.

The Court will, therefore, deny Plaintiff's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 11] is **DENIED**.

Signed: February 1, 2021

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge