UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00478-MR

| SEYI T. ODUESO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| ROY COOPER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's renewed request for appointment of counsel [Id.].

## I. BACKGROUND

Pro se Plaintiff Seyi T. Odueso ("Plaintiff") is an inmate of the State of North Carolina at Gaston Correctional Center ("Gaston"), a minimum-security prison in Dallas, North Carolina. Plaintiff was convicted of second-degree murder in October 2009. He filed this action on August 26, 2020, pursuant to 42 U.S.C. § 1983, against Defendants Roy Cooper, Governor of the State of North Carolina; Erik Hooks, Secretary of the N.C. Department of Public Safety; Todd Ishee, N.C. Director of Prisons; and Daren Bruce,

identified as the Superintendent of Gaston. [Doc. 1]. Plaintiff purported to assert two claims, one under the Eighth Amendment and one under the Equal Protection Clause of the Fourteenth Amendment, against Defendants in their individual and official capacities. [Id. at 2-3]. The Court dismissed Plaintiff's official capacity and Fourteenth Amendment claims on its initial review and granted Plaintiff leave to amend his complaint to state a claim for relief under the Eighth Amendment. [Doc. 10 at 10]. The Court held that Plaintiff failed to allege facts sufficient to support a claim that Defendants knew of and consciously or intentionally disregarded "an excessive risk to inmate health or safety." [See id. at 5-7 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994))]. The Court also held that Plaintiff's official capacity claims are barred by the Eleventh Amendment. [Id. at 4-5].

Plaintiff moved the Court to reconsider its decision to dismiss Plaintiff's Equal Protection claim. [Doc. 11]. The Court denied this motion for the reasons stated in that Order. [Doc. 13]. Plaintiff timely filed an Amended Complaint, which is before the Court now on initial review. [Doc. 12]. In his Amended Complaint, Plaintiff purports to sue the same four Defendants in their official capacities only for violation of his rights under the Eighth and

Fourteenth Amendments.[1]  [Id. at 2-3].

For injuries, Plaintiff claims he suffers from depression and feels "stress" everyday "due to the fear of contracting the coronavirus and dying." [Doc. 12 at 14].  For relief, Plaintiff seeks that he be granted home confinement[2] and compensatory and punitive damages.  [Id. at 15].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

---

[1] Plaintiff's Fourteenth Amendment claim is repetitive of the claim the Court dismissed on initial review of Plaintiff's original Complaint.  The Court has already denied Plaintiff's motion to reconsider its dismissal of this claim and the Court declines to address it further here.  Moreover, the relief Plaintiff seeks relative to this claim, namely, an injunction ordering that Defendants allow violent offenders protections of the Extension of Limits of Confinement (ELC) program will be disregarded.  [See Doc. 12 at 15].

[2] As the Court previously noted, it cannot modify Plaintiff's terms of confinement in state criminal proceedings.  Such relief is not available in suits brought pursuant to § 1983 in federal court.  The Court, therefore, considers Plaintiff's instant claims in the context of his seeking only monetary relief.  [See Doc. 3 n.1].

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff sues Defendants in their official capacities only for alleged violation of Plaintiff's rights under the Eighth Amendment.

As Plaintiff was previously advised, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting

4

Case 3:20-cv-00478-MR   Document 14   Filed 02/10/21   Page 4 of 6

in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants here do not survive initial review and will be dismissed.[3]

Because Plaintiff remains unable to state a claim for relief after having been afforded the opportunity to amend his complaint, the Court will dismiss Plaintiff's Amended Complaint with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

Plaintiff also renews his request for appointment of counsel [Doc. 12 at 15], which the Court will deny as moot. Furthermore, Plaintiff fails to assert any grounds in support of this motion in any event.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice and deny Plaintiff's renewed motion for appointment of counsel.

---

[3] The Court notes that, even if Plaintiff had sued Defendants in their individual capacities, the factual allegations against all Defendants remain vague and are insufficient to state a claim for relief under the Eighth Amendment. [See id. at 13-14].

5

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 12] is **DENIED**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge